UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRON JACKSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:99CV934 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant Darron Jackson's ("Movant") pro se Motion to Reopen the District Court's Decision Pursuant to Federal Rule of Civil Procedure 60(b)(3) ("Motion to Reopen"), filed October 7, 2002, and Movant's Supplemental Pleadings Pursuant to Federal Rule of Civil Procedure 15(d), to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 Motion, filed January 30, 2003. (Doc. Nos. 21, 34). Respondent has not filed a response to either of Movant's submissions.

## **BACKGROUND**

By way of background, as stated above Movant filed his Motion to Reopen on October 7, 2002. (Doc. No. 21). In that motion, Movant requested that the Court reopen its decision of October 31, 2001, which denied Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. No. 16). Movant alleged that the Government perpetrated a fraud upon the Court, in that it did not attach an affidavit from Movant's attorney, N. Scott Rosenblum, to its response to Movant's Motion to Vacate, Set Aside, or Correct Sentence, although the Government's response referred to the affidavit. Movant thus alleged that the Government committed fraud upon the Court, by filing with its Supplemental Response a, "replacement affidavit for an affidavit that

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

never existed in the first place–the veracity of which is determinative of [Movant's] claim of constitutional error." (Motion to Reopen, P. 1).

In a Memorandum and Order entered October 30, 2002, this Court noted that the record was unclear as to whether Movant had received (a) this Court's Order of September 26, 2001, which allowed the Government two weeks to file additional affidavits, including that of Rosenblum, and allowed Movant ten days thereafter to respond to the affidavits, (b) the Government's Supplemental Response to Defendant's 28 U.S.C. § 2255 Motion, including the attached affidavits of Rosenblum, Dean R. Hoag, and Kevin White, and (c) this Court's Order of October 31, 2001, which denied Movant's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 22, P. 2). The Court therefore ordered the Clerk of Court to forward the three documents to Movant, and further granted Movant twenty days from the date of the Order within which to respond to the Government's Supplemental Response to Defendant's Section 2255 Motion. (Id., P. 3).

On January 30, 2003, instead of filing a response to the Government's Supplemental Response, Movant filed a "Supplemental Pleading Pursuant to Fed. R. Civ. P. 15(d), to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 Motion." (Doc. No. 34). In his Supplemental Pleading, Movant did not address the fraud the Government allegedly committed by filing "replacement" affidavits. Instead, Movant argued three new reasons why the Court should grant his original Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

In a Memorandum and Order entered February 11, 2003, the Court noted that because it had not reopened its decision pursuant to Rule 60(b)(3), Movant's new arguments were not properly before it. (Doc. No. 35, P. 2). The Court continued to deny Movant's Motion to Reopen, and further to deny Movant's Supplemental Pleadings Pursuant to Fed. R. Civ. P. 15(d) as moot. (Id., P. 4).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

On February 21, 2003, Movant filed a Motion Requesting to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). (Doc. No. 36). The Court granted Movant's Motion that same day, and vacated its Order of February 11, 2003. (Doc. No. 37). The Court further granted Movant until March 10, 2003, to respond to the Government's Supplemental Response to Defendant's Section 2255 Motion. (Id.). Movant filed his response on March 11, 2003 (Doc. No. 39), and so his Motion to Reopen is now fully briefed.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(3) allows the Court to relieve a party from a final judgment, order, or proceeding if an adverse party committed fraud, misrepresentation, or other misconduct. Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Atkinson v. Prudential Property Co., Inc., 43 F.3d 367, 371 (8th Cir. 1994) (internal quotations and citation omitted). The district court has wide discretion in deciding whether to grant a motion under Rule 60(b)(3), and its decision will only be reversed for clear abuse of that discretion. Id. (citation omitted).

To prevail on a Rule 60(b)(3) motion, Movant must show with clear and convincing evidence that the Government engaged in a fraud or misrepresentation that prevented Movant from fully and fairly presenting his case. Atkinson, 43 F.3d at 372-73 (citation omitted). In the instant case, the Court finds Movant has submitted no evidence of any fraud or misrepresentation. In his 28 U.S.C. § 2255 reply brief, Movant noted that the Government relied on an affidavit of N. Scott Rosenblum in its response, but failed to attach that affidavit. Upon Order from the Court, the Government attempted to locate the affidavit, but was unsuccessful. With the Court's permission, the Government then prepared and filed a new affidavit from N. Scott Rosenblum, that was substantially the same as the lost affidavit. The Government further procured affidavits from Dean Hoag (the Assistant United

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

States Attorney) and Kevin White (the alleged confidential informant), which substantiated the information contained in the Rosenblum affidavit.

In his response to the Government's supplement (Doc. No. 39), Movant produces no evidence of fraud or misconduct on the Government's part. Rather, Movant merely speculates that the Government, Rosenblum, Hoag and White conspired to produce affidavits disproving Movant's claim. Upon consideration, the Court finds that without more, Movant fails to meet his burden under Rule 60(b)(3) of demonstrating that the Government engaged in fraud or other misconduct, and that this conduct prevented Movant from fully and fairly litigating his claim. See Paige v. Sandbulte, 917 F.2d 1108, 1109 (8th Cir. 1990) (citations omitted). The Court therefore will deny Movant's Motion to Reopen.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Reopen the District Court's Decision Pursuant to Federal Rule of Civil Procedure 60(b)(3) (Doc. No. 21) is **DENIED**.[1]

**IT IS FURTHER ORDERED** that Movant's Supplemental Pleading Pursuant to Fed. R. Civ. P. 15(d), to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 Motion (Doc. No. 34) is **DENIED** as moot.

Dated this 25th day of October, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] In light of its decision not to reopen, the Court need not consider any new arguments presented in Movant's supplemental pleadings. (Doc. Nos. 40, 45, 46, 47, 48, 50, 51, 52).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com